GRIESHEIMER v. TANENBAUM et al.

*(Supreme Court, General Term, Fifth Department.  December 30, 1889.)*

EVIDENCE—BOOKS OF ACCOUNT.
The material question, in an action by an assignee of an insolvent firm to recover goods sold to defendants by his assignors, was whether the purchase price was to be paid in cash, or by crediting the indebtedness of another firm, of which one of the assignors was a member, to defendants. After testifying to the latter version, defendants offered their ledger in evidence, which showed that the amount was credited to the second firm. *Held*, that the entry was admissible, not to corroborate the defendants' testimony as to the existence of the agreement, but to show that they had performed it.

Appeal from circuit court.

Action by Louis Griesheimer against Moses Tanenbaum and others. Judgment was entered for defendants, and plaintiff appeals.

Argued before BARKER, P. J., and DWIGHT and MACOMBER, JJ.

*Raines Bros.*, for appellant.  *Theodore Bacon*, for respondents.

BARKER, P. J.  The action was brought by the plaintiff, as assignee for the benefit of creditors of J. W. Rosenthal & Co., to recover from the defendants goods sold the defendants. The purchase of the goods was admitted; and the only issue presented to the jury was the simple one, whether upon the purchase it was agreed that the goods should be paid for in cash, or by applying their price upon an account of $3,500 and upwards owing the defendants by Rosenthal, Kerngood & Co., of Baltimore, a firm composed of said J. W. Rosenthal and one Kerngood. The defendants gave evidence on the trial tending to show that it was agreed by Rosenthal, at the time the purchase was made, that the goods so bought should be accepted as an offset upon the indebtedness of the Baltimore concern to the defendants. This arrangement was testified to by Albert N. David, one of the defendants. Subsequently Moses Tanenbaum, another of the defendants, was called as a witness for the defense, and shown the ledger in use by the defendants at the time of this transaction; and his attention was called to the account of Rosenthal, Kerngood & Co., as it appeared on the ledger, and particularly to a credit given that firm of $2,226.50, being the amount of the purchase price of the goods bought from J. W. Rosenthal & Co., the plaintiff's assignors. The witness testified in reference thereto that all the entries were made by a book-keeper employed by them, but under the instructions of the witness, who saw the book-keeper make the entry. The entry was then offered and read in evidence, over the objections of the plaintiff's counsel. It further appeared that this entry was posted into the ledger from a lead pencil memorandum book,

which was then produced on the trial. The jury returned a verdict for the defendants; and on the hearing of this appeal from the judgment entered on the verdict the plaintiff's counsel insists that the trial court erred in admitting in evidence the entries from the ledger crediting Rosenthal, Kerngood & Co. with the amount of the purchase from J. W. Rosenthal & Co. It is argued by the plaintiff's counsel that the entry was not competent or material evidence, for the reason that the ledger was not the book of original entry, and that the entry on the original book of entry was but a statement made by the defendants at another time; that the goods were received as an offset to the Baltimore account, and simply the defendants' version of the transaction in another form. If the only force and effect of the ledger entry were to corroborate the witness David as to what the terms of sale were, then the entry would have been, in our opinion, incompetent evidence of the fact; but it seems to us that the evidence was competent and material for another purpose. The defendants insisted on the trial that the goods were purchased for the purpose of in part paying the indebtedness of Rosenthal, Kerngood & Co. to them, and that it was agreed to offset the amount of the purchase against that account. Assuming that was the agreement, it seems to us competent and material for the defendants to show that they did as they had agreed, and in fact did offset the purchase price by crediting Rosenthal, Kerngood & Co,, and for that purpose were entitled to read in evidence the entry or entries by which that offset was made. The evidence was competent to show a fulfillment of the contract, and does not become incompetent because it may in part show the terms of the agreement. We therefore are of the opinion that the evidence was competent to show that the defendants had performed their part of the transaction, and the court did not err in admitting the evidence complained of. The judgment should be affirmed, with costs. All concur.